IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>10-50333</u> |
| JOHN GARY GRAHAM | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| JOHN GARY GRAHAM | ) | |
| | ) | |
| Debtor/Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOVAN THOMAS | ) | |
| | ) | |
| Creditor/Respondent | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART
### DEBTOR'S MOTION TO AVOID LIEN

This matter comes before me on the Motion to Avoid Lien filed by Debtor John Gary Graham. The Debtor seeks to avoid Creditor Lovan Thomas's judgment lien pursuant to 11 U.S.C. § 522(f). The motion is denied to the extent that there is equity in the Debtor's property above the Debtor's available exemptions to which the judgment lien may remain attached, and granted to the extent that there is not.

**BACKGROUND**

The Debtor filed a voluntary chapter 7 bankruptcy petition and his motion to avoid Thomas's judgment lien. Thomas responded opposing the relief sought. The amount of debt secured by the judgment lien is $31,710.70. Under Georgia law, a judgment lien attaches to all real and personal property of the Debtor, O.C.G.A. § 9-12-80,[1] and to any property acquired by the Debtor after the date on which the judgment was entered. <u>Crossroads Bank of Ga. v. Corim, Inc.</u>, 418 S.E.2d 601, 602 n.2 (Ga. 1992).[2]

At hearing I determined the value of the Debtor's real and personal property (collectively, the "Property") to which the judgment lien attaches, as indicated in the following chart:

| Property | Value |
|---|---|
| Debtor's Residence | $93,000 |
| Household Furnishings | $2,500 |
| Business Equipment | $9,000 |
| 2004 Cadillac XLR | $27,200 |
| 1996 GMC Yukon | $4,125 |
| **Total** | **$135,825** |

Francis M. Lawrence holds a first deed to secure debt secured by the Debtor's residence in the amount of $12,681.26. In addition, FNB South ("Bank") holds a consensual security interest that

---

[1] O.C.G.A. § 9-12-80 provides:
    All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code.

[2] Although the judgment lien is not in the record, I will assume for the purposes of this decision that the judgment lien is valid under Georgia law given that the Debtor has made no argument to the contrary.

2

attaches to all of the foregoing Property (except the household furnishings) in the amount of $100,895.78. Both the security deed and the Bank's security interest are senior and therefore superior to the judgment lien.

As it pertains to the Property, the Debtor claimed an exemption of $5,600.00 in his residence pursuant to O.C.G.A. § 44-13-100(a)(6), an exemption of $2,500.00 in his household furnishings pursuant to O.C.G.A. § 44-13-100(a)(4), and an exemption of $3,500.00 in his Cadillac pursuant to O.C.G.A. § 44-13-100(a)(3).[3]

## DISCUSSION

A debtor may avoid the fixing of a judgment lien on the debtor's interest in property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)]." 11 U.S.C. § 522(f)(1)(A). Even if there is no equity in property for the debtor to exempt, a lien may still "impair an exemption" for the purposes of § 522(f). Thigpen v. Cadle Co. (In re Thigpen), 374 B.R. 374, 377 (Bankr. S.D. Ga. 2007). Whether a lien impairs an exemption is determined in reference to the formula provided in § 522(f)(2)(A) which provides:

---

[3] As discussed below, regardless of the actual exemptions claimed, for the purposes of 11 U.S.C. § 522(f) the exemption amount used in the calculation is "the amount of the exemption that the debtor could claim if there were no liens on the property." 11 U.S.C. § 522(f)(2)(A)(iii).

3

> a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

In the present case, the judgment lien impairs the Debtor's exemptions, and is avoidable to that extent. The judgment lien amount is $31,710.70. The two other liens against the Property (the first deed to secure debt and the security interest) total $113,577.04. If there were no liens on the Property, the Debtor could claim exemptions in the amount of $10,600.00 against his residence, $2,500.00 against his household furnishings, and $3,500.00 against his vehicles, for a total of $16,600.00 in exemptions. The total of those amounts is $161,887.74. That amount exceeds the total value of the Property ($135,825.00), thereby impairing the Debtor's exemptions to the extent of the difference between those amounts, currently $26,062.74. See 11 U.S.C. § 522(f)(2)(A).

Section 522(f)(1) avoids a judgment lien "to the extent that such lien impairs an exemption," but only to that extent. See Brinley v. LPP Mortg., Ltd. (In re Brinley), 403 F.3d 415, 421 (6th Cir. 2005) (holding that only the portion of a lien that impairs the debtor's exemption may be avoided under § 522(f));

4

Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich), 328 F.3d 406, 409 n.2 (8th Cir. 2003) ("Under § 522(f), only the portion of a judicial lien that impairs the exemption may be avoided by the debtor."). After that portion is avoided, the judgment lien remains in effect because there remains equity—currently $5,647.96.[4] The exact amount of current equity is not relevant. What is required for the judgment lien to survive is a determination that as of the date of the filing of the bankruptcy case some equity exists above the available exemptions.

The precise items of Property and extent to which the judgment lien remains attached cannot be determined at this time. This is due to the nature of the consensual security interest. When any portion of the Property securing the superior consensual liens is liquidated and the proceeds applied to those debts, the debt is obviously reduced, potentially increasing the equity in the Debtor's remaining Property to which the judgment lien remains attached. Because the order in which Property is applied to satisfy the superior liens determines to which Property the judgment lien actually will remain attached and the extent, the

---

[4] As the foregoing calculation indicates, there is equity in the Debtor's Property above the Debtor's exemptions to which the judgment lien remains attached. If I were to apply § 522(f) to each item of Property individually, then the judgment lien would be avoided as to all of the Property given that no single item of Property has equity over and above the consensual liens and the Debtor's exemptions. However, there is equity to which the judgment lien could attach in the Property as a whole. For that reason, I consider the Property as a whole in making this determination. See In re Ford, 415 B.R. 51, 61-62 (Bankr. N.D.N.Y. 2009) (combining the values of two parcels of real property in determining whether to avoid a judgment lien under § 522(f)).

5

judgment lien remains attached to the Debtor's residence, business equipment, and motor vehicles. This is true because the exemptions as to type of property and amount claimed as exempt does not change and would be lost to the Debtor upon liquidation of the Property by the unavoidable consensual lienholders. The value of the exemption would thus be paid toward the consensual liens reducing their debt thereby increasing the potential equity in the remaining property to benefit the judgment lienholder.

I can say with certainty, however, that the judgment lien does not remain attached to the Debtor's household furnishings. I found their value to be $2,500, and the Debtor claimed them as fully exempt. Because there are no other liens than the judgment lien, and because those furnishings are fully exempt, there is no situation in which the judgment lien could remain attached to those furnishings. The judgment lien is thus avoided as to the household furnishings. Furthermore, the judgment lien cannot attach to any property acquired after the Debtor's bankruptcy filing upon the Debtor receiving his chapter 7 discharge. See Marshall v. Suntrust Bank, Savannah N.A. (In re Marshall), 204 B.R. 838, 840 (Bankr. S.D. Ga. 1997) (holding that because a debtor's discharge extinguishes personal liability on a debt, a lien based upon such debt cannot attach to after-acquired property).

AO 72A
(Rev. 8/82)

**CONCLUSION**

It is therefore **ORDERED** that the Debtor's Motion to Avoid Lien is **GRANTED IN PART** and **DENIED IN PART**. Creditor Lovan Thomas's judgment lien survives and remains attached to the following items of the Debtor's Property: the residence, the business equipment, the 2004 Cadillac XLR, and the 1996 GMC Yukon. The judgment lien is subordinate to the superior consensual lien(s) and the Debtor's claimed exemptions. The judgment lien is avoided as to the Debtor's household furnishings and cannot attach to any property acquired by the Debtor after the bankruptcy filing upon the Debtor receiving a discharge in this case. The remaining portion of the judgment lien is avoided pursuant to 11 U.S.C. § 522(f).

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 27th day of August, 2010.

AO 72A
(Rev. 8/82)